NO. 12-02-00325-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


HEIDI MCMULLEN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS






MEMORANDUM OPINION
 

 Heidi McMullen ("Appellant") appeals her conviction for theft by check, for which she was
sentenced to confinement for sixty days and fined two hundred dollars. Appellant's sentence was
suspended and Appellant was placed on community supervision for one year. Appellant raises one
issue on appeal. We affirm.


Background

 Appellant was indicted for theft by check arising from her attempt to purchase a horse. 
Counsel was appointed to represent Appellant. Appellant pleaded not guilty and the matter
proceeded to jury trial. The State of Texas (the "State") called four witnesses to testify in support
of its case against Appellant. Appellant and one additional witness testified in her defense. The jury
found Appellant guilty as charged. The trial court sentenced Appellant to confinement for sixty days
and fined Appellant two hundred dollars, but suspended Appellant's sentence and placed Appellant
on community supervision for one year.


Ineffective Assistance of Counsel

 In her sole issue, Appellant contends that her trial counsel was ineffective. Among the
reasons cited by Appellant are that (1) her attorney failed to present certain evidence, (2) her attorney
failed to make an independent investigation of the State's allegations and Appellant's claims or
defenses, (3) her attorney never fully informed Appellant of her right not to testify, and (4) her
attorney did not make any objections to the State's witnesses or its presentation of evidence.

 The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e. did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome." Id. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to overcome that
presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.- Texarkana 2000, pet. ref'd). 
The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 In the case at hand, Appellant argues at length as to why certain actions on her trial counsel's
behalf fell below the professional norm. However, even assuming arguendo that Appellant's trial
counsel's actions, as noted in Appellant's brief, satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. It is not enough
for the appellant to merely show that the errors had some conceivable effect on the outcome of the
proceedings. Id. 

 In her brief, after noting her burden under the second prong of the Strickland test, Appellant
states, "In the present case, it is apparent that the outcome would have been different." Such a
conclusory statement is not an adequate means by which Appellant can satisfy her burden of proof. 
Despite repeated readings of Appellant's brief, we can uncover no argument addressing the second
prong of the Strickland test. 

 We iterate that the burden of proof as to this issue rests squarely upon Appellant. See
Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent
some cogent argument on Appellant's behalf that, but for her counsel's alleged unprofessional errors,
there exists a reasonable probability that the result of the proceedings would have been different. 


Conclusion

 Since Appellant has failed to satisfy her burden under Strickland, we hold that she was not
denied her right to effective assistance of counsel. Appellant's sole issue is overruled and the
judgment of the trial court is affirmed.

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 21, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.






(DO NOT PUBLISH)